[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION DEFENDANT'S MOTION TO REOPEN AND MODIFY JUDGMENT AS TO CHILD SUPPORT AND INSURANCE DATED JANUARY 3. 2000 (#127)
A hearing was held on the above-captioned motion on March 3, 2000 at which time both of the parties appeared and offered testimony through counsel. Based upon the testimony of the parties and witnesses together with a review of the applicable statutory and case law the motion is denied.
The marriage of the parties was dissolved on April 11, 1997 (Brennan, J.). The written agreement of the parties dated April 11, 1997 was found by the court to be fair and equitable and ordered incorporated into the judgment file. Pursuant to paragraph three of the separation agreement, the defendant agreed to pay the plaintiff the sum of $140 per week child support and provide his medical insurance for the benefit of the parties' minor child.
The defendant recently retired from the police force for the City of New Britain. He started his employment when he was twenty-three years of age and had almost finished thirty years of continuous employment. His work entailed the patrolling of the streets of the City of New Britain and he was considered a first responder to any emergency situations. He took retirement because he felt "unsafe both physically and mentally" and that he had "lost his edge". Other than his testimony the defendant offered nothing in the way of evidence that would support his feelings. There was nothing in his police file that would indicate that he had a poor job performance which would lead him to conclude as he did. He never discussed his concerns with his fellow police officers or with the administration. Since his retirement the defendant has not sought any gainful employment and spends a good deal of his time relaxing and working on his model railroading.
The parties intermarried on July 27, 1984. Their son, Deven G. Kumm was born on October 22, 1986. In reviewing the age of the defendant at the time he married the plaintiff it is clear that he was aware that if he took retirement his son would still be entitled to support. Based upon the court's review of all of the relevant testimony and the cases cited by counsel in their briefs the court finds that the defendant's voluntary retirement is not a substantial change in circumstances which would warrant a modification of the child support nor a change in the order CT Page 7856 pertaining to the medical insurance coverage for the minor child.
Caruso, J.